# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30432
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 30, 2020

Lyle W. Cayce
Clerk

ULYSSES HILL,

Petitioner-Appellant

v.

DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-249

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:*

Ulysses Hill, Louisiana prisoner # 336638, was convicted of second-degree murder and sentenced to serve life in prison. Now, following the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition, he moves this court for a certificate of appealability (COA) on claims concerning ineffective assistance of counsel, evidentiary sufficiency, and a fair trial.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30432

To obtain a COA, one must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy that burden, he must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that the issues he presents "are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Because Hill fails to make the required showing with respect to the above-listed claims, his COA motion is DENIED. *See id.*

Finally, Hill contends that the district court erred by denying his § 2254 petition without conducting an evidentiary hearing. He is not required to obtain a COA to appeal the denial of an evidentiary hearing; therefore, to the extent he seeks a COA on this issue we construe his COA request "as a direct appeal from the denial of an evidentiary hearing." *Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016). Hill has not shown that the district court abused its discretion in denying his request for an evidentiary hearing. *See Cullen v. Pinholster*, 563 U.S. 170, 185-86 (2011); *Blue v. Thaler*, 665 F.3d 647, 655-56 (5th Cir. 2011); § 2254(d), (e)(2). The district court's denial of an evidentiary hearing is AFFIRMED.